Robert K. Meyer, OSB #086470
Meyer Stephenson
1 SW Columbia, Suite 1850
Portland, OR 97258
Phone: 503/ 459-4010
Email: robert@oregonworkplacelaw.com

Of Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **STEPHANIE HEAD**, | Case No.: |
| Plaintiff, | COMPLAINT |
| v. | (Title VII; ORS 659A.030; ORS 659A.199) |
| **EVIO LABS EUGENE LLC; EVIO INC.; & LORI GLAUSER,** | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## Nature of the Action

1.    This is an employment discrimination case.  Plaintiff brings this action for monetary relief, damages, costs, punitive damages and attorney fees for herself to redress injuries done to her by Defendants EVIO LABS EUGENE LLC, EVIO INC., (Collectively referred to as "EVIO") & LORI GLAUSER (Defendants), employees or agents of said Defendants in contravention of her federally protected rights in violation of the Civil Rights Act of 1964; Title VII; 42 U.S.C. § 2000e-5, and her state protected rights in violation of Oregon Revised Statute 659A.030, 659A.199 and Oregon common law.

## Jurisdictional Allegations

2.      The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.      Venue is proper within the District of Oregon, Eugene Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

4.      Plaintiff filed timely claims with Oregon's Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC") raising the issues alleged herein. BOLI issued a substantial evidence finding and a notice of right to sue.  Plaintiff has timely filed this matter within the time limits set forth in the notice of right to sue.  Plaintiff has therefore sufficiently exhausted administrative procedures.

## General Factual Allegations

5.      Plaintiff is a resident of Eugene, Oregon.  At all relevant times EVIO was Plaintiff's employer, joint-employer of plaintiff, or alter-ego of Plaintiff's employer.

6.      At all material times, EVIO employed at least 15 employees.

7.      At all material times herein, Plaintiff was supervised by EVIO's employees or agents and Plaintiff relied on the actual or apparent authority of EVIO's employees, supervisors and management, including Lori Glauser.

8.      At all material times herein, Defendant Glauser and was a manager and officer of EVIO. Specifically, Defendant Glauser was Chief Operating Officer.

9.      EVIO hired Plaintiff on January 4, 2017 as an office manager.

10.     Plaintiff is a female.

11.     On or about March 2017, Plaintiff reported to regional manager Ellen Parkin that salesperson Mike Lausmann made her feel uncomfortable when he drunkenly commented on her wedding ring and inquired about how faithful she was to her husband.  Parkin did nothing to address Plaintiff's concern.

12.    On or about September 2017, Plaintiff reported to Parkin that Mr. Lausmann and another co-worker Sara Lausmann were violating the law in that they were under the influence of alcohol at work and were driving impaired while they were on the clock.  Parkin did nothing to address Plaintiff's concern.

13.    Plaintiff has disabilities substantially limiting multiple major life activities, including sleeping and concentrating.

14.    On or about November 13, 2017, salesperson Leigh Brigham repeatedly "joked" to Plaintiff about date rape, including telling Plaintiff about, "tak[ing] a woman out to roofie her." This made Plaintiff extremely uncomfortable and triggered Plaintiff's disabling condition.

15.    On or about November 13, 2017, Plaintiff reported Brigham's comments to Parkin and told Parkin she felt sexually harassed by Brigham's comments.  Plaintiff also disclosed her disability to Parkin at this time.

16.    Parkin subsequently informed Defendant Glauser about Plaintiff's reports and Glauser told Parkin that she would end the drama.

17.    On December 20, 2017, EVIO terminated Plaintiff's employment.

**First Claim For Relief**

**Title VII – Retaliation**

**(Against EVIO)**

18.    Plaintiff realleges the above paragraphs.

19.    EVIO discriminated against Plaintiff in the terms and conditions of her employment, including terminating Plaintiff, due to Plaintiff's good faith reporting and/or opposition to employment practices that violated Title VII.

20.    Because of EVIO's unlawful retaliation, Plaintiff has incurred and continues to incur economic damages, including lost wages, in an amount to be proven at trial.

21.    As a direct and proximate result of EVIO's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

22.    EVIO's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights.  EVIO should be assessed punitive damages pursuant to 42

USC §1981(b)(1) in an amount to be determined at trial.

23.    Plaintiff is entitled to recover her costs and attorney fees pursuant to 42 USC §1988 and Title VII.

**Second Claim For Relief**

**ORS 659A.030 – Retaliation**

**(Against EVIO)**

24.    Plaintiff realleges the paragraphs above as fully set forth herein.

25.    EVIO discriminated against Plaintiff in the terms and conditions of her employment, including terminating her, in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to practices that violated ORS 659A.030.

26.    Because of EVIO's unlawful conduct, Plaintiff has incurred and continues to incur economic damages, including lost wages, in an amount to be proven at trial.

27.    As a direct and proximate result of EVIO's conduct, Plaintiff has suffered and will continue to suffer fear, stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

28.    EVIO's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights.  EVIO should be assessed punitive damages in an amount to be determined at trial.

29.    Plaintiff is entitled to recover her costs and attorney fees pursuant to ORS 659A.885.

**Third Claim For Relief**

**ORS 659A.199 - Whistleblower Retaliation**

**(Against EVIO)**

30.    Plaintiff realleges the paragraphs above as fully set forth herein.

31.    EVIO retaliated against Plaintiff in the terms and conditions of her employment by terminating Plaintiff in substantial part for opposing and/or reporting in good faith what Plaintiff believed to be illegal conduct, as well as evidence of violations of federal and/or state laws, rules, or regulations.

32.    Plaintiff realleges damages, costs, and attorney fees as set forth above.

**Fourth Claim For Relief**

**Title VII – Sex Discrimination and Harassment**

**(Against EVIO)**

33.    Plaintiff realleges the paragraphs above as if fully set forth herein.

34.    EVIO's conduct had the purpose and effect of creating a sexually hostile and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected her employment opportunities.

35.    EVIO's creation of, and/or failure to prevent, the sexually hostile work environment for Plaintiff constitutes unlawful gender discrimination in violation of Title VII.

36.    EVIO's conduct in was substantially motivated by her sex and constitutes unlawful sex discrimination in violation of Title VII.

37.    As a result of EVIO's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

38.    As a direct and proximate result of EVIO's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

39.    EVIO's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights.  EVIO should be assessed punitive damages in an amount to be determined at trial.

40.    Plaintiff is entitled to recover her costs and attorney fees pursuant to 42 USC §1988 and Title VII.

**Fifth Claim For Relief**

**ORS 659A.030 – Sex Discrimination and Harassment**

**(Against EVIO)**

41.    Plaintiff realleges the paragraphs above as if fully set forth herein.

42.    EVIO's conduct had the purpose and effect of creating a sexually hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected her employment opportunities.

43.    EVIO's creation of, and/or failure to prevent, the sexually hostile work environment for Plaintiff constitutes unlawful sex discrimination in violation of ORS 659A.030.

44.    EVIO's conduct was substantially motivated by her sex and constitutes unlawful sex discrimination in violation of ORS 659A.030.

45.    Plaintiff realleges her claims for damages and attorneys' fees set forth above.

### Sixth Claim for Relief

### Disability/Perceived Disability Discrimination – ORS 659A.112 & ORS 659A.118

### (Against EVIO)

46.    Plaintiff re-alleges the paragraphs above as though fully set forth herein..

47.    During her employment, Plaintiff was a qualified person with a disability as defined by ORS 659A.104.  Despite her disability, Plaintiff could perform the essential functions of the position with or without accommodation.

48.    EVIO knew about Plaintiff's disability at all material times.

49.    Alternatively, EVIO perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

50.    EVIO took adverse employment actions against Plaintiff in violation of her state-protected rights, including failing to engage in a meaningful interactive process, failure to offer reasonable accommodation, and/or terminating Plaintiff's employment, as set forth in detail above.

51.    EVIO's termination of Plaintiff was substantially motivated by her disability/perceived disability and constitutes unlawful disability discrimination in violation of ORS 659A.112.

52.    Furthermore, Defendant failed to engage in the interactive process and failed to offer reasonable accommodation in violation of 659A.112, ORS 659A.118, and OAR 839-006-0206.

53.    Plaintiff re-alleges damages, costs, and attorney fees as set forth above.

**Seventh Claim For Relief**

**ORS 659A.030 - Aiding and Abetting Discrimination/Retaliation**

**(Against all Defendants)**

54.    Plaintiff realleges the paragraphs above as fully set forth herein.

55.    Defendants violated ORS 659.030(1)(g) by aiding, abetting, inciting, compelling and/or coercing discrimination and retaliation of Plaintiff as set forth above.

56.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages.

57.    Plaintiff realleges damages, costs, and attorney fees as set forth in the paragraphs above.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For permanent injunctive relief enjoining Defendants from engaging in any employment practice that constitutes unlawful retaliation under Title VII or Oregon law;

2.    Economic damages and future losses to be determined at trial;

3.    Non-economic damages to be determined at trial;

4.    Punitive damages in an amount to be determined at trial;

5.    Reasonable costs and attorney fees; and

6.    For such other and further relief as the Court may deem just and equitable.


DATED this 1st day of May, 2019.


s/ Robert K. Meyer

_____
Robert K. Meyer, OSB No. 086470
Of Attorneys for Plaintiff